DANIEL A. APPLEGATE (MI Bar No. P70452) *Pro Hac Vice Pending*
Email: ApplegateD@sec.gov
Securities and Exchange Commission
100 F Street N.E., Mail Stop 5628
Washington, D.C. 20549-5628
Telephone: (202) 551-6528
Facsimile: (703) 813-9366

LOCAL COUNSEL:
DANIEL O. BLAU (Cal. Bar No. 305008)
Email: BlauD@sec.gov
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK CHARLES CLARK; LAURA SANTOS; and SOTEIRA CAPITAL, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT TO REQUIRE DEREK CHARLES CLARK, LAURA SANTOS, AND SOTEIRA CAPITAL, LLC TO COMPLY WITH SECURITIES AND EXCHANGE COMMISSION ORDER** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction under Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act.

2. Venue lies in the Central District of California under Section 214(a) of the Advisers Act and Section 44 of the Investment Company Act. Defendants are "found" in or are "inhabitants" of this District.

## INTRODUCTION

3. The Plaintiff, Securities and Exchange Commission (the "Commission"), respectfully applies to the Court for a judgment pursuant to Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), enforcing compliance by the Defendants Derek Charles Clark ("Clark"), Laura Santos ("Santos"), and Soteira Capital, LLC ("Soteira") with a final Commission Order entered against them on September 28, 2021 (the "Commission Order"), directing Clark and Soteira to jointly and severally disgorge $340,231 and prejudgment interest of $61,774, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, Clark to pay a civil money penalty of $150,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and Santos to pay a civil money penalty of $15,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, within fourteen (14) days from the date of the Commission Order.

4. On September 28, 2021, the Commission entered the Commission Order pursuant to a settlement agreement between the Commission and Clark, Santos, and Soteira. A true and correct copy of the Commission Order is attached as Exhibit 1.

5. The Commission found, on the Defendants' offer of settlement, that Clark and Soteira violated: Sections 206(1) and 206(2) of the Advisers Act, which prohibit fraudulent conduct by an investment adviser; Section 206(4) of the Advisers Act and Rule 206(4)-1(a)(5) (as effective prior to May 4, 2021), which make it unlawful for any investment adviser from using any advertisement that contains any

untrue statement of material fact, or which is otherwise false or misleading; Section 206(4) and Rule 206(4)-2, which prohibit any investment adviser from having custody of a client's assets unless (1) client funds and securities are verified by actual examination each year by an independent public accountant at a time chosen by the accountant without prior notice or announcement to the adviser, or (2) for advisers to limited partnerships or other pooled investment vehicles (i.e., funds), the fund is subject to audit at least annually and "distributes [the fund's] audited financial statements prepared in accordance with generally accepted accounting principles to all limited partners ... within 120 days of the end of [the fund's] fiscal year"; and Section 204 of the Advisers Act and Rule 204-2(a)(16), which require that any investment adviser "make and keep true, accurate, and current" all "accounts, books, internal working papers, and any other records or documents that are necessary to form the basis for or demonstrate the calculation of the performance or rate of return of any or all managed accounts ... in any ... advertisement ... that the investment adviser circulates or distributes, directly or indirectly, to any person."

6. The Commission also found, on the Defendants' offer of settlement, that Clark, Santos, and Soteira violated: 203A of the Advisers Act and Rule 203A-l(a)(l), which prohibit any investment adviser that is regulated or required to be regulated in the state in which it maintains its principal office and place of business from registering with the Commission unless it has assets under management of $100 million or more; Section 207 of the Advisers Act, which makes it "unlawful for any person willfully to make any untrue statement of a material fact in any registration application or report filed with the Commission ... or willfully to omit to state in any such application or report any material fact which is required to be stated therein"; and Section 206(4) of the Advisers Act and Rule 206(4)-7, which require that any investment adviser adopts and implements written policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules promulgated thereunder.

7. The Commission seeks by this action to compel Clark, Santos, and Soteira to comply with the agreed-upon Commission Order.

## **PARTIES**

8. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street N.E., Washington, D.C. 20549.

9. Derek Charles Clark, age 61, is a resident of Corona del Mar, California. Clark is the founder and majority indirect owner of Soteira and was the control person and chief investment officer of Soteira during the relevant period.

10. Laura Santos, age 45, is a resident of Tehachapi, California. Santos was the chief compliance officer of Soteira during the relevant period.

11. Soteira Capital, LLC is a Delaware limited liability company with its principal place of business in Irvine, California.

## **STATEMENT OF RELEVANT FACTS**

12. The Commission Order arose from the misconduct of use and misappropriation of private fund assets by Clark, Santos, and Soteira. Clark and Soteira (a) overstated a client's returns and thereby collected excessive performance fees and issued false and misleading advertising concerning Soteira's investment performance and managed assets, and (b) willfully made false and misleading statements in Soteira's Form ADV filings, including Soteira's brochure under Form ADV, Part 2A regarding Soteira's eligibility to register with the Commission, regulatory assets under management, and financial condition. Soteira, aided and abetted by Clark, (a) improperly registered Soteira as an investment adviser, (b) had custody of a client's assets without having the assets subject to an annual audit or surprise examination, (c) failed to have a compliance program as required, and (d) failed to make and keep true and accurate records necessary to form the basis for the calculation of the performance of any managed accounts in any advertisement. Santos (a) willfully made misleading statements in Soteira's brochure regarding Soteira's

financial condition and (b) aided and abetted Soteira's improper registration with the Commission and failure to have an appropriate compliance program, in violation of Advisers Act Sections 203A and 206(4) and Rules 203A-1 and 206(4)-7.

13. Based on the foregoing, Clark and Soteira violated Sections 203A, 204, 206(1), 206(2), 206(4), 207 of the Advisers Act and Rules 203A-1, 206(4)-2, 204-2(a)(16), and 206(4)-7 promulgated thereunder, and Santos violated Sections 203A, 206(4), and 207 of the Advisers Act and Rules 203A-1 and 206(4)-7 promulgated thereunder.

14. As set forth in the Commission Order, to which Clark, Santos, and Soteira consented, the Commission imposed certain remedial sanctions and a cease-and-desist order. The Commission Order required: Clark and Soteira, within fourteen (14) days from the date of the Commission Order, to jointly and severally disgorge $340,231 and prejudgment interest of $61,774, plus outstanding interest pursuant to SEC Rule of Practice 600; Clark, within fourteen (14) days from the date of the Commission Order, to pay a civil money penalty of $150,000, plus outstanding interest pursuant to 31 U.S.C. § 3717; and Santos, within fourteen (14) days from the date of the Commission Order, to pay a civil money penalty of $15,000, plus outstanding interest pursuant to 31 U.S.C. § 3717.

15. The Defendants did not seek review of the agreed-upon Commission Order, and their time to do so has expired.

16. The Defendants have not paid the disgorgement and penalties referenced in paragraph 14, which remain due and owing with additional interest that continues to accrue. As of August 24, 2026, the Defendants owe the following, which includes accrued interest and minus any amounts paid: Clark and Soteira jointly and severally owe $549,089.92 for disgorgement and prejudgment interest; Clark owes $157,360.27 for the civil penalty; and Santos owes $14,082.75 for the civil penalty.

## CLAIM FOR RELIEF

17. Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), provides, in

part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

18. Section 42(d) of the Investment Company Act, 15 U.S.C. § 80a-41(d), provides, in part:

> Whenever it shall appear to the Commission that any person has engaged or is about to engage in any act or practice constituting a violation of any provision of … any … order hereunder, it may in its discretion bring an action in the proper district court of the United States … to enforce compliance with … any … order hereunder.

19. The Commission may bring such a proceeding to compel compliance with an order it has entered. *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003) (citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998)).

20. Clark, Santos, and Soteira Capital, LLC may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) [the provision relating to the Exchange Act] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003).

WHEREFORE, the Commission respectfully requests that a Judgment be entered as follows:

**I.**

Enforcing the Commission Order as to Derek Charles Clark, Laura Santos, and Soteira Capital, LLC.

///

///

**II.**

Requiring:

a. Derek Charles Clark and Soteira Capital, LLC to jointly and severally disgorge $549,089.92 plus interest that has and will continue to accrue from August 24, 2026 according to law;

b. Derek Charles Clark to pay a civil money penalty of $157,360.27 plus interest that has and will continue to accrue from August 24, 2026 according to law; and

c. Laura Santos to pay a civil money penalty of $14,090.64 plus interest that has and will continue to accrue from August 24, 2026 according to law.

**III.**

That the Court order such other relief as may be necessary for enforcement of any order and judgment of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

**IV.**

That the Court order such relief as may be necessary for enforcement of any order and judgment of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

**V.**

That the Court retain jurisdiction as appropriate to assure and effect compliance with the order and judgment entered herein.

**VI.**

That the Court order such other and further relief as may be just and proper.

DATED: August 27, 2026

*<u>/s/ Daniel O. Blau</u>*
Daniel O. Blau
Counsel for Plaintiff
Securities and Exchange Commission

# EXHIBIT 1

**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

**INVESTMENT ADVISERS ACT OF 1940**
**Release No. 5877 / September 28, 2021**

**INVESTMENT COMPANY ACT OF 1940**
**Release No. 34388 / September 28, 2021**

**ADMINISTRATIVE PROCEEDING**
**File No. 3-20607**

**In the Matter of**

**Soteira Capital, LLC; Derek Charles Clark; and Laura Santos**

**Respondents.**

**ORDER INSTITUTING ADMINISTRATIVE AND CEASE-AND-DESIST PROCEEDINGS, PURSUANT TO SECTIONS 203(e), 203(f), AND 203(k) OF THE INVESTMENT ADVISERS ACT OF 1940 AND SECTION 9(b) OF THE INVESTMENT COMPANY ACT OF 1940, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS AND CEASE-AND-DESIST ORDERS**

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative and cease-and-desist proceedings be, and hereby are, instituted pursuant to Sections 203(e), 203(f) and 203(k) of the Investment Advisers Act of 1940 ("Advisers Act"), and Section 9(b) of the Investment Company Act of 1940 ("Investment Company Act") against Soteira Capital, LLC ("Soteira"), Derek Charles Clark ("Clark"), and Laura Santos ("Santos") (collectively "Respondents").

**II.**

In anticipation of the institution of these proceedings, Respondents have submitted Offers of Settlement (the "Offers") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over them and the subject matter of these proceedings, which are admitted, and except as provided herein in Section V, Respondents consent to the entry of this Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Sections 203(e), 203(f), and 203(k) of the Investment Advisers Act of 1940 and Section 9(b) of the Investment Company Act of 1940, Making Findings, and Imposing Remedial Sanctions and Cease-and-Desist Orders ("Order"), as set forth below.

GOVERNMENT EXHIBIT
1

## III.

On the basis of this Order and Respondents' Offers, the Commission finds[1] that:

## SUMMARY

1. These proceedings concern violations of the Advisers Act by Soteira, formerly an investment adviser registered with the Commission; Clark, Soteira's indirect majority owner, sole principal, and former chief investment officer; and Santos, Soteira's former chief compliance officer. Soteira and Clark: (a) overstated a client's returns and thereby collected excessive performance fees, and issued false and misleading advertising concerning Soteira's investment performance and managed assets, in violation of Advisers Act Sections 206(1) and 206(2); and (b) willfully made false and misleading statements in Soteira's Form ADV filings, including Soteira's brochure under Form ADV, Part 2A regarding Soteira's eligibility to register with the Commission, regulatory assets under management, and financial condition in violation of Advisers Act Section 207. In addition, Soteira, aided and abetted by Clark: (a) improperly registered Soteira as an investment adviser in violation of Advisers Act Section 203A and Rule 203A-1; (b) had custody of a client's assets without having the assets subject to an annual audit or surprise examination in violation of Advisers Act Section 206(4) and Rule 206(4)-2; (c) failed to have a compliance program as required by Advisers Act Section 206(4) and Rule 206(4)-7; and (d) failed to make and keep true and accurate records necessary to form the basis for the calculation of the performance of any managed accounts in any advertisement in violation of Advisers Act Section 204 and Rule 204-2(a)(16). Finally, Santos: (a) willfully made misleading statements in Soteira's brochure regarding Soteira's financial condition in violation of Advisers Act Section 207; and (b) aided and abetted Soteira's improper registration with the Commission and failure to have an appropriate compliance program in violation of Advisers Act Sections 203A and 206(4) and Rules 203A-1 and 206(4)-7.

## RESPONDENTS

2. Soteira Capital, LLC, a Delaware company, was registered with the Commission as an investment adviser from 2010 to March 31, 2021, and has had its principal place in business in Irvine, California. According to its September 20, 2020 Form ADV amendment, Soteira Capital had 20 clients and $16.7 million in regulatory assets under management. On March 31, 2021, Soteira filed a Form ADV-W with the Commission to withdraw its registration and ceased operating as an investment adviser.

3. Derek Charles Clark, age 55, is a resident of Corona del Mar, California. Clark is the founder and majority indirect owner of Soteira and during the relevant period was the control person and chief investment officer of Soteira. Clark previously held Series 7, Series 63, and Series 65 licenses.

---

[1] The findings herein are made pursuant to Respondents' Offers of Settlement and are not binding on any other person or entity in this or any other proceeding.

4. Laura Santos, age 40, is a resident of Corona del Mar, California. From October 2019 to March 31, 2021, she was Soteira's chief compliance officer. Prior to joining Soteira, she had no experience in the securities industry.

## BACKGROUND

### Excessive Advisory Fees Charged to a Client

5. From May 2013 to March 2020, Soteira was the sub-adviser to an Asia-based primary adviser for an Australia-based client. In July 2015, Clark began trading in the client's account using Soteira's "Huntress" strategy, which involved trading S&P 100 stocks to capture dividends and trading options in those stocks as a hedge against loss. In March 2019, Clark also began having the client hold large positions in two technology stocks. Over the 47 month period from March 2016 through January 2020, Clark's trading in the client's account resulted in total gains of $1.6 million, with over two-thirds of that gain coming from gains on the two positions held in the technology stocks.

6. From July 2015 to February 2020, Soteira and Clark sent the primary adviser a monthly invoice reflecting the client's purported gains and then charged a performance fee equal to 20% of that gain and, for a portion of that period, a management fee equal to .5% of assets under management. Clark calculated the invoiced gains from a spreadsheet that he kept of the client's realized gains from the Huntress strategy trades and the unrealized gains on certain stock positions held by the client.

7. From March 2016 to February 2020, Soteira's invoices, however, knowingly or recklessly, and negligently, overstated the client's actual returns, and Soteira thereby collected improper performance fees from the client. Clark failed to reconcile his spreadsheet to the client's brokerage statements. During the relevant period, Clark reported gains totaling $3.8 million, when the actual gains were only $1.6 million. By including the overstated gains in the performance fee calculation, Soteira collected $787,402 in fees. Based on the actual gains, Soteira and Clark were entitled to at most only $447,171 in fees. As a result, Soteira and Clark collected at least $340,231 in improper fees from the client.

8. In late March 2020, the relationship between Soteira, on the one hand, and the client and the primary adviser, on the other hand, ceased. On May 13, 2020, the client demanded that Soteira and Clark repay excessive fees collected from her. Soteira and Clark disputed those amounts. The dispute remained unresolved, and the former client and Soteira and Clark have not communicated since August 2020, nor have any payments been made to the client.

### False and Misleading Advertising

9. From early 2018 through 2019, Soteira and Clark marketed Soteira's Huntress strategy through a registered broker-dealer. On a monthly basis, Clark participated in preparing and updating marketing materials with information about Soteira, the Huntress strategy, and the

Huntress strategy's purported performance. Clark also on a monthly basis emailed those marketing materials to the broker-dealer. The broker-dealer then, with Clark's knowledge, forwarded Soteira's marketing materials to its customers. Soteira obtained some new clients through the broker-dealer. Soteira and Clark's marketing materials, however, substantially overstated the firm's assets under management and performance.

10. The marketing materials stated that Soteira's "firm assets" were initially $330 million and later $365 million. Clark, however, knew or was reckless in not knowing that, in fact, Soteira's assets under management were less than $25 million.

11. Soteira's marketing materials also included false and misleading information regarding the Huntress strategy's performance. Soteira's marketing materials contained a chart of the Huntress strategy's purported monthly, annual, and year-to-date returns. By December 2019, the marketing materials showed positive performance for 53 of the preceding 56 months and annual/year-to-date performance that ranged from 6.58% to 12.45%.

12. Soteira and Clark could not produce any documents supporting the Huntress strategy's advertised performance for 2015. The advertised Huntress performance for the period from 2016 through November 2019 was substantially higher than the actual performance of client assets Soteira and Clark managed pursuant to the Huntress strategy. Clark knew or was reckless, and was negligent, in not knowing that the advertised Huntress strategy's performance, for the most part, was overstated and continued to distribute the marketing materials with the inaccurate Huntress strategy performance.

## **Improper Registration with the Commission And False Form ADV Filings**

13. From 2016 through March 31, 2021, Soteira was registered, and filed Form ADV amendments, with the Commission. From 2016 through 2019, Clark, or his administrative assistant acting under his direction, prepared the Form ADV amendments, and he authorized the administrative assistant to file them.

14. From 2016 through 2019, Soteira's Form ADV amendments stated that Soteira was registering with the Commission because it had regulatory assets under management ("RAUM") of $100 million or more. In 2019, Soteira's Form ADV amendment stated that Soteira was registering with the Commission because it had RAUM of $25 million or more, but less than $100 million, and was not required to be registered with, or was not subject to examination by, the state securities authority of the state where it maintained its principal office and place of business.

15. At the times that Soteira filed its 2016 through 2019 Form ADV amendments, Clark knew or was reckless in not knowing that Soteira was not eligible to be registered with the Commission and substantially overstated its RAUM, as shown on the chart below. Clark determined Soteira's reported RAUM, in part, based on a multiple of what it *could* have leveraged the clients' assets by, not on the actual leveraged amounts, contrary to the Form ADV instructions.

However, Soteira's Form ADV Amendment inconsistently stated in Item 5, regarding "Information About [Soteira's] Advisory Business," that it had RAUM of $100 million.

| Date Form ADV Amendment Filed | Reported RAUM | Actual RAUM as of Date of Filing of Form ADV Amendment |
|---|---|---|
| October 27, 2016 | $250 million | $8.6 million |
| March 20, 2017 | $220 million | $12.5 million |
| March 6, 2018 | $300 million | $22.6 million |
| May 5, 2019 | $100 million | $15.9 million |

16. On March 30, 2020, Santos, working with an independent compliance consultant, prepared and filed Soteira's 2020 Form ADV annual updating amendment with the Commission. This amendment stated that Soteira was no longer eligible to remain registered with the Commission and that its RAUM was $16.7 million. Soteira stated in its brochure pursuant to Form ADV, Part 2A, also dated March 30, 2020 that since Soteira did not have assets under management of at least $100 million, Soteira would withdraw its registration with the Commission by filing a Form ADV-W by June 30, 2020 and would consider whether it was required to register as an investment adviser with any state regulatory authorities.

17. Clark and Santos, however, did not file a Form ADV-W with the Commission by June 30, 2020, because they were not able to register Soteira as an investment adviser with the State of California. On July 1, 2020, Santos filed a Form ADV amendment to register with the State of California. On July 13, 2020, the California securities authority sent a Deficiency Email to Santos listing 76 items that needed additional clarification or documentation. On September 22, 2020, Santos received notice that the California securities authority had issued an order declaring Soteira's application to register with the State of California abandoned because Santos had not provided the California securities authority with the requested information to resolve deficiencies.

18. On March 31, 2021, Soteira filed a Form ADV-W to withdraw its registration with the Commission as an investment adviser, and Soteira ceased operating as an investment adviser.

## Misleading Statements Regarding Soteira's Financial Condition

19. In 2020, Santos prepared, filed with the Commission, and sent and/or made available to Soteira's clients three Soteira brochures. Clark reviewed the brochures before they were filed and sent and/or made available to Soteira's clients. These brochures had misleading information regarding Soteira's financial condition.

20. First, the brochures failed to disclose information about an unpaid $208,700 judgment against Clark and Soteira in favor of a former client. Soteira's first brochure stated that Soteira had been a defendant in a single option transaction dispute from October 2015 and that the "dispute ha[d] been settled through arbitration." Soteira's last two brochures stated that Soteira "was a defendant in a single option transaction dispute. This dispute has been settled through arbitration award and judgment entered … in favor of [the client] against Soteira [and] Clark in the amount of $208,700 plus interest accruing from August 28, 2015 at an annual rate of 7 percent."

All of these brochures failed to disclose that Soteira and Clark had made no payments towards the judgment against them. The first brochure also failed to disclose that the arbitration award was for $208,700 plus interest, was also against Clark, and had been confirmed in a judgment against Soteira and Clark.

21. Second, the brochures failed to disclose that Soteira and Clark had recently lost their largest client who accounted for a large majority of their total revenue. In late March 2020, Soteira ceased acting as the sub-adviser for the client discussed above. For the prior two years, that client had accounted for over three quarters of Soteira's revenues.

**Soteira's Custody of Client Funds and Securities**

22. From 2017 through 2020, Soteira was the general partner of a private investment fund and Clark was the fund's chief investment officer. As such, Soteira and Clark had control over the fund's funds and securities. Despite having custody of the fund's assets, Soteira and Clark did not retain an auditor to audit, or conduct a surprise examination of, the fund until May 2020, even though the issue had been pointed out to them several times. In 2017, the fund's administrator brought to Clark's attention that the fund's offering document represented that the fund would be audited. In March and August 2019, during a Commission examination of Soteira, Clark was informed about the Advisers Act's custody rule requirement for an audit or surprise examination of the fund.

**Soteira's Deficient Compliance Program**

23. From at least 2016 through March 2021, Soteira failed to adopt and implement written policies and procedures reasonably designed to prevent violations of the Advisers Act and rules thereunder by the firm and its associated persons. Soteira's 12 page Compliance Manual failed to address several significant risks associated with its business. Soteira's Compliance Manual had no policies or procedures concerning its performance fees or advertising, the accuracy of the information reported in its Form ADV amendments, or its custody of client assets.

24. From October 2019 through March 2021, Santos failed to have Soteira adopt and implement written policies and procedures reasonably designed to prevent violations of the Advisers Act. During her tenure at Soteira, Santos prepared and/or filed Soteira's Form ADV amendments and brochures. Under Soteira's written policies and procedures, she also had full responsibility for Soteira's compliance program. She, however, failed to ensure that Soteira had written policies and procedures regarding whether Soteira was registered with the proper securities authority or the accuracy of the information reported in Soteira's Forms ADV amendments and brochures.

**VIOLATIONS**

25. As a result of the conduct described above, Soteira and Clark willfully violated Advisers Act Sections 206(1) and 206(2), which prohibit an investment adviser from directly or indirectly engaging in conduct operating as a fraud or deceit upon any client or prospective client. While scienter is required for a violation of Section 206(1), it "is not required to establish a

violation of Section 206(2), but rather a violation may rest on a finding of negligence." *SEC v. Steadman,* ,967 F.2d 636, 643 n.5 (D.C. Cir. 1992) (citing *SEC v. Capital Gains Research Bureau, Inc.,* 375 U.S. 180,194-95 (1963)).

26. As a result of the conduct described above, Soteira willfully violated, and Clark willfully aided and abetted and caused Soteira's violations of, Advisers Act Section 206(4) and Rule 206(4)-1(a)(5), which prohibit an investment adviser registered or required to be registered with the Commission from using any advertisement that contains any untrue statement of material fact, or which is otherwise false or misleading.[2]

27. As a result of the conduct described above, Soteira willfully violated, and Clark and Santos willfully aided and abetted and caused Soteira's violations of, Advisers Act Section 203A and Rule 203A-1(a)(1), which prohibit an investment adviser that is regulated or required to be regulated in the state in which it maintains its principal office and place of business from registering with the Commission unless it has assets under management of $100 million or more.

28. As a result of the conduct described above, Soteira willfully violated, and Clark willfully aided and abetted and caused Soteira's violation of, Advisers Act Section 206(4) and Rule 206(4)-2, which prohibit an investment adviser registered or required to be registered with the Commission from having custody of a client's assets unless (1) client funds and securities are verified by actual examination each year by an independent public accountant at a time chosen by the accountant without prior notice or announcement to the adviser; or (2) for advisers to limited partnerships or other pooled investment vehicles (i.e., funds), the fund is subject to audit at least annually and "distributes [the fund's] audited financial statements prepared in accordance with generally accepted accounting principles to all limited partners . . . within 120 days of the end of [the fund's] fiscal year."

29. As a result of the conduct described above, Soteira, Clark, and Santos willfully violated Advisers Act Section 207, which makes it "unlawful for any person willfully to make any untrue statement of a material fact in any registration application or report filed with the Commission . . . or willfully to omit to state in any such application or report any material fact which is required to be stated therein."

30. As a result of the conduct described above, Soteira willfully violated, and Clark and Santos willfully aided and abetted and caused Soteira's violation of, Advisers Act Section 206(4) and Rule 206(4)-7, which require that investment advisers registered or required to be registered with the Commission, among other things, adopt and implement written policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules promulgated thereunder.

---

[2] References to Advisers Act Rule 206(4)-1 are to the advertising rule as in effect prior to the new marketing rule, which became effective on May 4, 2021. *Investment Adviser Marketing Final Rule,* Rel. No. IA-5653 (Dec. 22, 2020).

31. As a result of the conduct described above, Soteira willfully violated, and Clark willfully aided and abetted and caused Soteira's violation of, Advisers Act Section 204 and Rule 204-2(a)(16), which require that investment advisers registered or required to be registered with the Commission "make and keep true, accurate, and current" all "accounts, books, internal working papers, and any other records or documents that are necessary to form the basis for or demonstrate the calculation of the performance or rate of return of any or all managed accounts …in any … advertisement …that the investment adviser circulates or distributes, directly or indirectly, to any person."

**Disgorgement and Civil Penalties**

32. The disgorgement and prejudgment interest ordered in paragraph IV.H is consistent with equitable principles and does not exceed Soteira's and Clark's net profits from their violations, and will be distributed to harmed investors to the extent feasible. The Commission will hold funds paid pursuant to paragraphs IV.H-IV.J in an account at the United States Treasury pending distribution. Upon approval of the distribution final accounting by the Commission, any amounts remaining that are infeasible to return to investors, and any amounts returned to the Commission in the future that are infeasible to return to investors, may be transferred to the general fund of the U.S. Treasury, subject to Section 21F(g)(3) of the Exchange Act.

**IV.**

In view of the foregoing, the Commission deems it appropriate, in the public interest, and for the protection of investors to impose the sanctions agreed to in Respondents' Offers.

Accordingly, pursuant to Advisers Act Sections 203(f) and 203(k) and Investment Company Act Section 9(b) it is hereby ORDERED that:

A. Respondents Soteira and Clark cease and desist from committing or causing any violations and any future violations of Advisers Act Sections 203A, 204, 206(1), 206(2), 206(4), and 207 and Rules 203A-1, 204-2, 206(4)-1, 206(4)-2, and 206(4)-7.

B. Respondent Santos cease and desist from committing or causing any violations and any future violations of Advisers Act Sections 203A, 206(4), and 207 and Rules 203A-1 and 206(4)-7.

C. Respondent Soteira is censured.

D. Respondent Clark be, and hereby is:

> barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization;

prohibited from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter;

with the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the Commission.

E. Any reapplication for association by Respondent Clark will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, compliance with the Commission's order and payment of any or all of the following: (a) any disgorgement or civil penalties ordered by a Court against the Respondent in any action brought by the Commission; (b) any disgorgement amounts ordered against the Respondent for which the Commission waived payment; (c) any arbitration award related to the conduct that served as the basis for the Commission order; (d) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order; and (e) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

F. Respondent Santos be, and hereby is:

barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization;

prohibited from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter;

with the right to apply for reentry after one (1) year to the appropriate self-regulatory organization, or if there is none, to the Commission.

G. Any reapplication for association by Respondent Santos will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, compliance with the Commission's order and payment of any or all of the following: (a) any disgorgement or civil penalties ordered by a Court against the Respondent in any action brought by the Commission; (b) any disgorgement amounts ordered against the Respondent for which the Commission waived payment; (c) any arbitration award related to the conduct that served as the basis for the Commission order; (d) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order; and (e) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

H. Respondents Soteira and Clark shall, within fourteen (14) days of the entry of this Order, pay, jointly and severally, disgorgement of $340,231 and prejudgment interest of $61,774 to the Securities and Exchange Commission. The Commission will hold funds paid pursuant to this paragraph in an account at the United States Treasury pending a decision whether the Commission, in its discretion, will seek to distribute funds or, transfer them to the general fund of the United States Treasury, subject to Section 21F(g)(3). If timely payment is not made, additional interest shall accrue pursuant to SEC Rule of Practice 600.

I. Respondent Clark shall, within fourteen (14) days of the entry of this Order, pay a civil money penalty in the amount of $150,000 to the Securities and Exchange Commission. The Commission may distribute civil money penalties collected in this proceeding if, in its discretion, the Commission orders the establishment of a Fair Fund pursuant to 15 U.S.C. § 7246, Section 308(a) of the Sarbanes-Oxley Act of 2002. The Commission will hold funds paid pursuant to this paragraph in an account at the United States Treasury pending a decision whether the Commission, in its discretion, will seek to distribute funds or, subject to Exchange Act Section 21F(g)(3), transfer them to the general fund of the United States Treasury. If timely payment is not made, additional interest shall accrue pursuant to 31 U.S.C. §3717.

J. Respondent Santos shall, within fourteen (14) days of the entry of this Order, pay a civil money penalty in the amount of $15,000 to the Securities and Exchange Commission. The Commission may distribute civil money penalties collected in this proceeding if, in its discretion, the Commission orders the establishment of a Fair Fund pursuant to 15 U.S.C. § 7246, Section 308(a) of the Sarbanes-Oxley Act of 2002. The Commission will hold funds paid pursuant to this paragraph in an account at the United States Treasury pending a decision whether the Commission, in its discretion, will seek to distribute funds or, subject to Exchange Act Section 21F(g)(3), transfer them to the general fund of the United States Treasury. If timely payment is not made, additional interest shall accrue pursuant to 31 U.S.C. §3717.

K. Payment must be made in one of the following ways:

(1) Respondent may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

(2) Respondent may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3) Respondent may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard

Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying Respondent's name as a Respondent in these proceedings, and the file number of these proceedings; a copy of the cover letter and check or money order must be sent to Katharine E. Zoladz, Associate Director, Los Angeles Regional Office, Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071.

L. Regardless of whether the Commission in its discretion orders the creation of a Fair Fund for the penalties ordered in this proceeding, amounts ordered to be paid as civil money penalties pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Respondents agree that in any Related Investor Action, they shall not argue that they are entitled to, nor shall they benefit by, offset or reduction of any award of compensatory damages by the amount of any part of Respondents' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Respondents agree that they shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Securities and Exchange Commission. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this proceeding. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any Respondent by or on behalf of one or more investors based on substantially the same facts as alleged in the Order instituted by the Commission in this proceeding.

**V.**

It is further Ordered that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the findings in this Order are true and admitted by Respondents Clark and Santos, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Respondents Clark and Santos under this Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Respondents Clark and Santos of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

By the Commission.

Vanessa A. Countryman
Secretary